FILED ___ LODGED
___ RECEIVED ___ COPY

MAR 2 1 2011

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE Mortgage Electronic Registration Systems (MERS) Litigation | MDL DOCKET NO. 09-2119-JAT |
| | **ORDER** |
| This Order Applies to: | |
| CV 10-786-PHX-JAT<br>CV 10-1082-PHX-JAT<br>CV 10-1083-PHX-JAT<br>CV 10-1084-PHX-JAT<br>CV 10-1085-PHX-JAT<br>CV 10-1086-PHX-JAT<br>CV 10-1087-PHX-JAT | |

The Court now addresses seven actions[1] transferred by the Judicial Panel on Multidistrict Litigation (the "Panel") in MDL Conditional Transfer Order (CTO-4) and Simultaneous Separation and Remand of Certain Claims (Doc. 354), and MDL Conditional Transfer Order (CTO-5) and Simultaneous Separation and Remand of Certain Claims (Doc.

---

[1] Listed below are the first plaintiff's name and the original jurisdiction case numbers for the cases addressed herein:

| First Plaintiff's Name | Arizona Case Number | Original Jurisdiction Case Number |
|---|---|---|
| Beebe | CV 10-786-PHX-JAT | 2:09-2379 (D. Nev.) |
| Martinez | CV 10-1082-PHX-JAT | 5:10-457 (C.D. Cal.) |
| Gothan | CV 10-1083-PHX-JAT | 3:10-172 (D. Nev.) |
| Sieben | CV 10-1084-PHX-JAT | 3:10-173 (D. Nev.) |
| Funk | CV 10-1085-PHX-JAT | 3:10-182 (D. Nev.) |
| Sanchez | CV 10-1086-PHX-JAT | 3:10-184 (D. Nev.) |
| Kelley | CV 10-1087-PHX-JAT | 3:10-192 (D. Nev.) |

476). In the conditional transfer orders, the Panel stated, "All claims in these actions that are unrelated to the formation and/or operation of the MERS system are separated and simultaneously remanded, under 20 USC 1407, to their respective districts." Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc. (collectively, "MERS" or "Moving Defendants") and various other parties have set forth which claims, if any, in each of the various cases relate to the formation and/or operation of MERS.[2]

**I. General Interpretation of the Transfer Order**

In the initial transfer order, the Panel transferred to this Court all allegations within these actions that "the various participants in MERS formed a conspiracy to commit fraud and/or that security instruments are unenforceable or foreclosures are inappropriate due to MERS's presence as a party" or that otherwise concern the "formation and operation" of MERS. (Doc. 1.) However, the Panel simultaneously remanded unrelated claims to their transferor courts, finding that "plaintiffs' claims relating to loan origination and collection practices do not share sufficient questions of fact with claims regarding the formation and operation" of MERS and their inclusion "would needlessly entangle the litigation in unrelated, fact-intensive issues." *Id.* This remand also applies to the tag-along actions discussed in this order.

Accordingly, this Court will not retain claims that, although naming MERS as a defendant, allege conduct primarily related to loan origination and collection practices, or otherwise stray from the common factual core of the MDL. Only causes of action that in essence turn on the formation or operation of MERS, no matter how framed, have been transferred to the undersigned.

---

[2] The parties have fully briefed this issue pursuant to the Court's Orders on Practices and Procedures (Doc. 395, 496). Although the parties sought "remand" of certain claims to the transferor court, under Section 1407(a), remands to a transferor court can only be effected by the Judicial Panel on Multidistrict Litigation. 28 U.S.C. § 1407; *see also* R.P.J.P.M.L. 7.6. The Court, thus, stresses that this order is solely a determination of which claims are pending before this Court and which claims remain in their respective transferor courts, pursuant to the Panel's transfer orders.

Moving Defendants filed Motion to Remand Claims for both conditional transfer orders (Doc. 475, 642). Defendant Litton Loan Servicing, LP responded to the motion to Remand Claims in CTO-4 (Doc. 522). As to CTO-5, three responses were filed by the following parties: Plaintiff Martinez (Doc. 742); Defendants Federal Housing Finance Agency and Federal National Mortgage Association (Doc. 764); and Defendants BAC Home Loans Servicing LP, BAC Home Loans Servicing LP f/k/a Countrywide Home Loans, Band of America, Recontrust Company, and Recontrust Company, N.A. ("Certain Defendants") (Doc. 773). MERS replied (Doc. 627, 846).

## II. Claims on Which the Parties Do Not Agree

Within these "tag-along" actions there are several types of claims over which the parties disagree. Where the parties agree as to the proper determination of a claim, the Court adopts the parties' determination unless otherwise noted.

### A. Certain Claims in Three Cases

The parties disagree about the status of four claims in *Gothan* and *Sieben*: "fraud through omission," "contractual breach of duty of good faith and fair dealing," "tortious breach of the implied duty of good faith and fair dealing," and "conspiracy to commit fraud and conversion." Moving Defendants argue that all of these claims have been transferred to the MDL. Certain Defendants argue that these claims have been split with part of each claim transferred to the MDL and part of each claim remanded to the respective transferor court. This Court has previously considered practically identical claims in an earlier bifurcation order and has found them to be all transferred to the MDL. *See* June 4, 2010 Order (Doc. 629 at 4-6). For the reasons set forth in that Order, all four claims in *Gothan* and *Sieben* are also transferred to the MDL in their entirety.

### B. The *Martinez* Case

The parties disagree on the entirety of the Martinez case. Moving Defendants argue that all four claims have been transferred to the MDL, while Plaintiff Martinez argues that all four claims are unrelated to the MDL and have been remanded in their entirety.

1  Plaintiff Martinez argues that their claims "have nothing to do with MERS" and that
2  "the presence of MERS as the beneficiary" is collateral to their claims (Doc. 742 at 4-5). But
3  each claim of Plaintiff's Complaint addresses the formation and operation of MERS.³
4  Plaintiff alleges facts such as "Defendants... are members of MERS, [and] routinely utilize
5  the MERS system," "the Deed of Trust at issue named MERS as a Benefiicary of the Deed
6  of Trust," and "[n]one of the Defendants are the Beneficiary under the Deed of Trust, [or]
7  have any interest in the loan."⁴  Plaintiff also alleges the Note became unsecured when
8  MERS transferred it outside of the MERS system and that no one can foreclose on the Note
9  until the "real holders" appear.⁵  These allegations are clearly germane to this MDL. Thus,
10 the *Martinez* case has been transferred in its entirety to the MDL.

## II. Claims on Which the Parties Agree

The Court will adopt the recommendations of the parties on all claims where they are in agreement.

Accordingly,

**IT IS ORDERED** that the Motions to Remand Certain Claims (Doc. 475, 642) are granted as follows:

With respect to *Beebe* claims 2, 3, 4 and 5 and part of claims 6-9 remain with the undersigned as part of the MDL and claim 1 and part of claims 6-9 have been remanded to the respective transferor court.

With respect to *Martinez* and *Kelley* the entirety of each case shall remain with the undersigned.

With respect to *Fund* and *Gothan* claims 2, 5-9, and 13 and part of claims 1, 3, 4, 10, 11 and 12 remain with the undersigned as part of the MDL and part of claims 1, 3, 4, 10, 11 and 12 have been remanded to their respective transferor courts.

---

³ CV 10-1082-PHX-JAT (*Martinez*), Doc. 1 at 12-15, ¶¶ 36-42, 46, 52-54.

⁴ *Id.*

⁵ *Id.*

With respect to *Sieben* and *Sanchez* claims 2, 5-9, and 13 and part of claims 3, 4, 10, 11 and 12 remain with the undersigned as part of the MDL and claim 1 and part of claims 3, 4, 10, 11 and 12 have been remanded to their respective transferor courts.

**IT IS FURTHER ORDERED** that MERS shall file a copy of this Order with the each transferor court within the next two business days.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file a copy of this Order in each member case listed on page 1.

**IT IS FURTHER ORDERED** that with respect to any claims that are staying with this Court, Plaintiffs' Lead Counsel shall file a proposed consolidated amended complaint together with the various plaintiffs whose actions are currently joined to this MDL and Defendants need not answer or otherwise respond until such a consolidated amended complaint is deemed filed; with respect to any claims that have been remanded to the transferor courts, Defendants shall answer or otherwise respond to those claims within fifteen days of this Order, unless any order of the transferor court is inconsistent with this Order, in which case, the order of the transferor court shall control.

**IT IS FURTHER ORDERED** within 12 days of this Order, MERS shall file all documents related to a case bifurcated herein into the record of the transferor court in that particular case. (Because this Court will not transfer the entire MDL file and docket to any individual transferor court, this will insure the Judge in the transferor court has a complete record for that specific case).

DATED this 21st day of March, 2011.

James A. Teilborg
United States District Judge

I hereby attest and certify on 3.21.11 that the foregoing document is a full, true and correct copy of the original on file in my office and in my custody.
CLERK, U.S. DISTRICT COURT
DISTRICT OF ARIZONA
By _____ Deputy

- 5 -